## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

"A.W.," a minor appearing by his father
and natural guardian, Nick Williams,

                         Plaintiff,

                                                                 Civ. No. 12-2025 (RHK/FLN)
                                                                 **MEMORANDUM OPINION
                                                                 AND ORDER**

v.

Preferred Platinum Plan, Inc., *et al.*,

                         Defendants.

Christopher J. Kuhlman, Kuhlman Law, PLLC, Minneapolis, Minnesota, for Plaintiff.

Seth J. Leventhal, LEVENTHAL pllc, Minneapolis, Minnesota, for Defendants.

## INTRODUCTION

In December 2011, Plaintiff A.W., then 15 years old, called a phone-sex chat line operated by Defendant Preferred Platinum Plan, Inc. ("Preferred Platinum") and incurred a $103 bill, which A.W.'s father, Nick Williams, refused to pay. Alleging that Preferred Platinum and certain of its agents harassed A.W. to obtain payment, Williams commenced this action on A.W.'s behalf, asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and state-law torts of intentional infliction of emotional distress and invasion of privacy. Defendants now move to dismiss. For the reasons set forth below, their Motion will be granted as to the FDCPA claim, and the Court will decline to exercise supplemental jurisdiction over the remaining state-law claims.

## BACKGROUND

According to the Complaint, on December 10, 2011, A.W. "saw [Preferred Platinum's] advertisement for adult phone services on a website," although the name Preferred Platinum "did not appear in the advertisement anywhere." (Compl. ¶ 7.) A.W. called the advertised phone number from his cell phone, using his father's credit card without permission. (Id. ¶¶ 8-9.)

On December 15, 2011, Preferred Platinum sent Williams a bill on company letterhead for $103.25. (Id. ¶ 10; Kuhlman Decl. Ex. 1.)[1] It is unclear why Preferred Platinum sent a bill when A.W. purportedly had "used his father's credit card to pay for the call" (Compl. ¶ 9), and Defendants' counsel offered no explanation at oral argument. Regardless, Williams did not understand what the bill was for and called Preferred Platinum to inquire. (Id. ¶ 12.) The company representative he spoke with "refused to tell him what the charges were for, refused to identify herself, and insisted that [Williams] knew what the charges were for." (Id. ¶ 13.)

Later that month, Williams received a second bill from Preferred Platinum. (Id. ¶ 14.) He again called the company, which at first continued to refuse to provide information. (Id. ¶ 15.) Eventually, however, he was informed that the phone call was "for use of an adult phone chat line." (Id. ¶ 16.) The representative then played a

---

[1] The bill is attached to the Declaration of Williams's counsel, Christopher Kuhlman. Under Federal Rule of Civil Procedure 12(d), when "matters outside the pleadings are presented to and not excluded by the court" on a motion to dismiss, the motion "must be treated as one for summary judgment." Here, although the bill is not attached to the Complaint, it is not outside the pleadings because its contents are alleged in the Complaint. See, e.g., Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012) (citation omitted).

recording of the December 10, 2011 call, and Williams recognized A.W.'s voice.  (Id. ¶ 18.)  Williams informed the representative that the call had been placed by A.W. and that he (Williams) refused to pay the bill.  (Id. ¶¶ 19-20.)

Williams alleges that despite being informed the charges had been incurred by a minor, Preferred Platinum representatives repeatedly contacted A.W. on his cell phone in attempts to collect.  (Id. ¶¶ 21, 30.)  The company's representatives allegedly harassed A.W. and made degrading comments, including that he was "never going to find a real date" and would never be able to "get with somebody."  (Id. ¶¶ 23, 30.)  The calls continued despite Williams contacting the company and informing it "that his son was a fifteen-year-old minor and should not be called under any circumstances."  (Id. ¶ 27.)

Williams commenced this action on A.W.'s behalf in August 2012.  The Complaint alleges that Preferred Platinum and two of its "collection employees" (identified as John Doe and Jane Doe) violated several provisions of the FDCPA as a result of the above conduct.  It also alleges that the conduct constituted intentional infliction of emotional distress and invasion of privacy under state law.  Defendants now move to dismiss, arguing *inter alia* that they are not "debt collectors" under the FDCPA and, hence, are not subject to liability under the statute.  The Motion has been fully briefed, and the Court heard argument on January 15, 2013.  The Motion is now ripe for disposition.

## STANDARD OF REVIEW

The Supreme Court set forth the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  To avoid dismissal, a complaint must include "enough facts to state a claim to

relief that is plausible on its face." Twombly, 550 U.S. at 547. A "formulaic recitation of the elements of a cause of action" will not suffice. Id. at 555; accord Iqbal, 556 U.S. at 678. Rather, the party seeking relief must set forth sufficient facts to "nudge[] the[] claim[] across the line from conceivable to plausible." Twombly, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [party] has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S at 556).

When reviewing a motion to dismiss, the Court "must accept a plaintiff's specific factual allegations as true but [need] not . . . accept . . . legal conclusions." Brown v. Medtronic, Inc., 628 F.3d 451, 459 (8th Cir. 2010) (citing Twombly, 550 U.S. at 556). The complaint must be construed liberally, and any allegations or reasonable inferences arising therefrom must be interpreted in the light most favorable to the non-moving party. Twombly, 550 U.S. at 554–56. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## ANALYSIS

"The FDCPA was enacted to protect consumers from abusive debt-collection practices." Riess v. Messerli & Kramer, P.A., Civ. No. 11-2307, 2011 WL 5506290, at *3 (D. Minn. Nov. 10, 2011) (Kyle, J.) (internal quotation marks and citations omitted). It imposes "strict liability on debt collectors," id., that is, "any person[2] who uses . . .

---

[2] The remaining text of the statute implies that the word "person" includes corporations and other artificial entities, see, e.g., Passa v. City of Columbus, No. 2:03-CV-81, 2007 WL 3125130, at *9

interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). There is no allegation here that Preferred Platinum's principal business activity is debt collection or that it regularly collects (or attempts to collect) debts owed to others. Based on the statutory definition, therefore, the company does not appear to be a "debt collector." Rather, it better fits the definition of a "creditor," that is, a "person . . . to whom a debt [allegedly] is owed." 15 U.S.C. § 1692a(4).[3]

Williams does not contend otherwise – the Complaint expressly alleges that Preferred Platinum is a "creditor" under the FDCPA. (Compl. ¶ 4.) But he relies on a statutory exception in attempting to impose liability on Preferred Platinum here. That exception provides that the term "debt collector" includes "any creditor who, in the process

---

(S.D. Ohio Oct. 24, 2007), and the Federal Trade Commission, which is tasked with enforcing the FDCPA, has recognized that it reaches beyond natural persons, see Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50100 (Dec. 13, 1988) (noting that the statute applies to law firms). Courts, therefore, routinely apply the FDCPA to artificial entities. See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1609 (2010); Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1003 (8th Cir. 2011).

[3] All parties apparently agree that the liability of Defendants John and Jane Doe is derivative of Preferred Platinum's liability; indeed, all Defendants have been lumped together in the parties' Motion papers. Hence, if Preferred Platinum is not liable as a "debt collector," neither are the individuals. See also, e.g., 15 U.S.C. § 1692a(6) ("debt collector" does not include "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor"); Pettit v. Retrieval Masters Creditor Bureau, Inc., 211 F.3d 1057, 1059 (7th Cir. 2000) ("[I]ndividuals do not become 'debt collectors' simply by working for . . . debt collection companies, [and the FDCPA] does not contemplate personal liability for . . . employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced. . . . Just as in the Title VII context, the debt collection company answers for its employees' violations of the statute."); McCollough v. Johnson, Rodenberg & Lauinger, 610 F. Supp. 2d 1247, 1259 (D. Mont. 2009) (same); but see Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F.3d 433, 435-38 (6th Cir. 2008).

of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). According to Williams, the exception applies here because Preferred Platinum did not disclose its name in the internet advertisement A.W. saw, and it then attempted to collect the debt A.W. had incurred using "a misleading name other than its own." (Compl. ¶ 7; Mem. in Opp'n at 5-13.) The Court does not agree.

Williams is correct, of course, that creditors hiding behind false names when attempting to collect their own debts may be subject to liability under the FDCPA as "debt collectors." See, e.g., 15 U.S.C. § 1692e(14) (debt collector violates FDCPA when it uses "any business, company, or organization name other than the true name of the debt collector's business, company, or organization"); Lester E. Cox Med. Ctr. v. Huntsman, 408 F.3d 989, 992 (8th Cir. 2005). This exception aims "to protect consumers . . . from deceitful creditors that use different names to do business and to collect their own debt." (Mem. in Opp'n at 7-8 (citing Dickenson v. Townside T.V. & Appliance, Inc., 770 F. Supp. 1122, 1130 (S.D.W. Va. 1990)).) But Williams stretches this principle too far here.

The Complaint nowhere alleges that A.W. was informed he was incurring a debt to one company, but then received a bill and harassing phone calls from an entity with a different name. Had that been pleaded, it might have stated a claim under the FDCPA. See, e.g., Gutierrez v. AT&T Broadband, LLC, 382 F.3d 725, 740 (7th Cir. 2004) (to be liable as a "debt collector," creditor must "use . . . a name *other than its own*" when collecting debt) (emphasis added) (quoting 15 U.S.C. § 1692a(6)). Rather, the Complaint simply alleges that "[t]he name 'Preferred Platinum Plan' did not appear in the

advertisement" A.W. saw.  (Compl. ¶ 7.)  Nothing has been pleaded suggesting A.W. believed or was told he was incurring a debt to one company but then was contacted by another company.  At most, the Complaint alleges that A.W. *simply didn't know* the entity to which he incurred the debt, because its name was undisclosed in the advertisement, and then a bill was later received from, and harassing calls were made by, Preferred Platinum.[4]

This scenario is quite different from one in which a consumer incurs a debt to A but receives a bill from B (or from A using B's name).  Rather, the facts pleaded here are that a consumer incurred a debt to an unknown entity that turned out to be B, and then received a bill from (and was contacted by) B.  In other words, the Complaint has not alleged facts to support the contention that Preferred Platinum "used a misleading name *other than its own*" to collect its debt.  (Mem. in Opp'n at 12 (emphasis added).)  Instead, it used its own name, which just happened to be unknown to A.W.  Accordingly, the Court concludes that Preferred Platinum does not fall within the statutory exception cited above, as the facts pleaded in the Complaint do not indicate that Preferred Platinum, "in the process of collecting [its] own debts, use[d] [a] name other than [its] own."  15 U.S.C. § 1692a(6); see, e.g., Medica Self-Insured v. Tenet Healthcare Corp., Civ. No. 06-4747, 2007 WL 1385589, at *3 (D. Minn. May 4, 2007) (Frank, J.) ("A creditor uses a name other than its own when it uses a name that implies that a third party is involved in collecting its debts, pretends to be someone else or uses a pseudonym or alias.") (internal quotation

---

[4] At oral argument, Williams's counsel asserted, for the first time, that the FDCPA requires a company to identify itself in an advertisement for its services.  But he cited no authority for that proposition, the Court's own research has uncovered none, and no such claim is pleaded in the Complaint.

marks and citations omitted).   Hence, it is not a debt collector and, accordingly, it falls outside the FDCPA's ambit.

For these reasons, the FDCPA claim fails and must be dismissed.   Moreover, the Court's subject-matter jurisdiction in this action is premised on the FDCPA claim.   (See Compl. ¶ 2.)[5]   Jurisdiction over the state-law claims was invoked solely under the supplemental-jurisdiction statute, 28 U.S.C. § 1367, which provides jurisdiction over state-law claims forming part of the same "case or controversy" as federal claims.   But the exercise of supplemental jurisdiction is discretionary with the Court, and where all federal claims have been dismissed prior to trial, the factors to be considered in deciding whether to exercise such jurisdiction – judicial economy, convenience, fairness, comity, and predominance of state issues – typically militate against doing so.   E.g., Johnson v. City of Shorewood, Minn., 360 F.3d 810, 819 (8th Cir. 2004) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)); accord, e.g., United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").   That is the case here.   Accordingly, the Court declines to exercise supplemental jurisdiction over the claims for intentional infliction of emotional distress (Count II) and invasion of privacy (Count III), and those claims will be dismissed without prejudice.

---

[5] It is possible that the parties are diverse, but the Complaint does not invoke diversity jurisdiction, see Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction"), and hence the Court need not determine whether diversity jurisdiction exists here.   See, e.g., Franklin v. Zain, 152 F.3d 783, 786 n.2 (8th Cir. 1998).

- 9 -

**CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. No. 9) is **GRANTED IN PART**. The Motion is **GRANTED** as to Count I of the Complaint, and that claim is **DIMISSED WITH PREJUDICE**. Counts II and III of the Complaint are **DISMISSED WITHOUT PREJUDICE**.[6]

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: February 13, 2013   s/Richard H. Kyle
  RICHARD H. KYLE
  United States District Judge

---

[6] See 28 U.S.C. § 1367(d).